Appeal No. 21-13880-J

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

**LEE COUNTY, FLORIDA,**

(Defendant/Appellant)

and

**COMMISSIONERS FRANK MANN, JOHN MANNING, AND CECIL PENDERGRASS**

(Non-Parties/Appellants)

vs.

**KIMBERLY REGENESIS, LLC, and
DAMASCUS TRADING COMPANY, LLC**

(Plaintiffs/Appellees)

_____

**An Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division**

**District Court Docket No. 2:19-cv-00538-FtM-38NPM**

_____

**APPELLANTS/PETITIONERS
MOTION TO CONSOLIDATE CASE NOS. 21-13880-J AND 21-14434**

Gregory A. Hearing
Florida Bar No. 817790
Sacha Dyson
Florida Bar No. 509191
Thomasina Moore
Florida Bar No. 57990
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700

P.O. Box 3324 (33601-3324)
Tampa, Florida  33602
(813) 273-5000 (telephone)
(813) 273-5145 (facsimile)
Email:   gregory.hearing@gray-robinson.com
sacha.dyson@gray-robinson.com
thomasina.moore@gray-robinson.com

Appeal No. 21-14434
# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

**LEE COUNTY, FLORIDA,**

(Defendant/Petitioner)

and

**COMMISSIONERS FRANK MANN, JOHN MANNING, AND CECIL PENDERGRASS**

(Non-Parties/Petitioners)

vs.

**KIMBERLY REGENESIS, LLC, and DAMASCUS TRADING COMPANY, LLC**

(Plaintiffs/Respondents)

_____

**Petition for Writ of Mandamus to the United States District Court for the Middle District of Florida, Fort Myers Division**

**District Court Docket No. 2:19-cv-00538-FtM-38NPM**

_____

**IN RE: LEE COUNTY, FLORIDA, AND COMMISSIONERS FRANK MANN, JOHN MANNING, AND CECIL PENDERGRASS, PETITIONERS**

**APPELLANTS/PETITIONERS**
**MOTION TO CONSOLIDATE CASE NOS. 21-14434 AND 21-13880-J**

_____

| | |
|---|---|
| Gregory A. Hearing | P.O. Box 3324 (33601-3324) |
| Florida Bar No. 817790 | Tampa, Florida  33602 |
| Sacha Dyson | (813) 273-5000 (telephone) |
| Florida Bar No. 509191 | (813) 273-5145 (facsimile) |
| Thomasina Moore | Email:   gregory.hearing@gray-robinson.com |
| Florida Bar No. 57990 | |
| GRAYROBINSON, P.A. | sacha.dyson@gray-robinson.com |
| 401 East Jackson Street, Suite 2700 | thomasina.moore@gray-robinson.com |

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure, as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

1. Chappell, Sheri Polster, United States District Judge, Middle District of Florida;

2. Damascus Trading Company, LLC, Plaintiff/Appellee;

3. Dyson, Sacha, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

4. GrayRobinson, P.A., counsel for Defendant/Appellants and Non-party Commissioners/Appellants;

5. Green, James K., James K. Green, P.A., counsel for Plaintiffs/Appellees;

6. Hearing, Gregory, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

7. James K. Green, P.A., counsel for Plaintiffs/Appellees;

8. Kimberly Regenesis, LLC, Plaintiff/Appellee;

1

9. Lee County, Florida, Defendant/Appellant;

10. Mann, Frank, Non-party Commissioner/Appellant;

11. Manning, John, Non-party Commissioner/Appellant;

12. Mizell, Nicholas, United States Magistrate Judge, Middle District of Florida;

13. Moore, Thomasina, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

14. Pendergrass, Cecil, Non-party Commissioner/Appellant.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to Appellants or their counsel has any current interest in the outcome of this matter.

## **APPELLANTS/PETITIONERS MOTION TO CONSOLIDATE**

Lee County, Florida, Defendant/Appellant, along with Commissioners Frank Mann, John Manning, and Cecil Pendergrass (Non-Parties/Appellants) in Case No. 21-13880-J, and also the Petitioners in Case No. 21-14434, pursuant to Rule 27 of the Federal Rule of Appellate Procedure, and Eleventh Circuit Rule 27-1, hereby move this Court for entry of an order consolidating Case Nos. 21-13880-J and 21-14434. These cases involve the same parties, are from the same underlying district court case, and seek review of two different issues arising from the same district court order. Therefore, in order to conserve resources and simplify the proceedings, Appellant and the Petitioners request that the Court consolidate these actions. Appellees have represented that they oppose this motion. In support of their motion, Lee County and the Commissioners state the following.

### **BACKGROUND AND PROCEDURAL HISTORY**

The direct appeal proceeding and the writ proceeding both stem from an order entered in the matter of Kimberly Regenesis, LLC and Damascus Trading Company, LLC v. Lee County, Case No.: 2:19-cv-538-FtM-38NPM, in which Plaintiffs filed a one-count Complaint against the County claiming that the County improperly denied Plaintiffs' request to rezone the real property located at 6401 Winkler Road, Ft.

3

Myers FL 33919 ("Winkler Property") in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101. (Complaint (R1)).[1]

On January 28, 2021, Plaintiffs served notices for the depositions of Commissioners Pendergrass, Mann, and Manning for March 15, 2021. (Notices of Deposition (R66-1)). With respect to Commissioner Pendergrass, the notice also sought documents, which encompassed in the same requests made in Plaintiffs' request for production. (Request for Production (R56-1); Id. (R66-1: 7)). Plaintiffs also served a subpoena for deposition and documents on Commissioner Manning. (Subpoena Duces Tecum (R66-3); Objections (R103: 3 n.2)).

On February 9, 2021, the County moved for a protective order to preclude the depositions of Commissioners Pendergrass, Mann, and Manning as well as quash the subpoena duces tecum to Commissioner Manning and the notices duces tecum to Commissioner Mann and Pendergrass. (Motion for Protective Order (R66)). Plaintiffs responded to this motion on February 18, 2021. (Response to Motion for Protective Order (R68)).

---

[1] Pursuant to Federal Rule of Appellate Procedure 28(e) and the Eleventh Circuit Rule 28-1 and 28-5, entries on the District Court's docket will be referred to as "([short name of document (R[docket number]: [page, paragraph, exhibit number, or Bates stamp number])," e.g., (Complaint (R1: ¶ 1)). References to documents numbers correspond to the document numbers contained within Appellants' Appendix and refer to the original page numbers of such documents.

4

On September 29, 2021, the magistrate judge issued a ruling permitting the depositions of Commissioners Mann, Manning, and Hamman limited to two topic areas (ex parte communications and campaign contributions) and a total of four hours for the three depositions. (Order (R101: 15)). It rejected the application of absolute quasi-judicial immunity as "inapposite" solely because the commissioners are not parties to this action. (Id.).

On October 13, 2021, the County filed a timely objection pursuant to Rule 72 to the Order. (Objections (R103)). The County objected to the Order's conclusion that permits the depositions of Commissioners Hamman, Mann, and Manning on the two topic areas identified in the Order. (Id. (R103: 3)). It also objected to the Order's finding that the apex doctrine does not preclude these depositions altogether, that quasi-judicial immunity is not applicable, and that Commissioner Manning's "individual" documents, if any, should be produced in response to a subpoena. (Id. (R103: 3-4)). Finally, the County objected to the order permitting the deposition of Commissioner Hamman when this deposition was not requested in the discovery period. (Id. (R103: 1 n. 1)). On October 29, 2021, the district court adopted the order concluding that it is "thoughtful, well-reasoned, and reached after two hearings and supplemental briefs." (Order (R108: 4)). The court modified the order only in one respect – it approved Plaintiffs' flip-flop of commissioners and substituted

5

Commissioner Pendergrass for Commissioner Hamman in the previous order and ordered the depositions to proceed. (Id. (R108:5)).

On November 2, 2021, Appellants timely filed a notice of appeal of the district court's order. (Notice of Appeal (R109)). Appellants also sought a stay of the district court's order, which was granted. (Order (R114); Order (R117)). Appellants' initial brief was filed on December 21, 2021. On the same day, Petitioners filed the Petition for Writ of Mandamus.

## ARGUMENT

Where issues are interrelated, this Court has consolidated an appellant's direct appeal with another proceeding, such as a petition for writ of mandamus. See e.g., In re Hubbard, 803 F. 3d 1298, 1305 (11th Cir. 2015) ("The lawmakers then sought review by this Court, filing petitions for writs of mandamus, see 28 U.S.C. § 1651, and appeals under 28 U.S.C. § 1291. We issued an order that: (1) consolidated into a single appeal all of the mandamus petitions and appeals."). Because these cases are interrelated, involving the same parties and issues and the same District Court order, consolidation is appropriate in this matter.

Consolidation is appropriate when it "is in the interest of judicial economy, such as when multiple appeals raise the same or similar issues." Eleventh Circuit Rule 12-2 (permitting the clerk to consolidate appeals). Consolidation has long

been used as a case management mechanism to avoid unnecessary costs and delays. See Hall v. Hall, ___ U.S. ___, 138 S. Ct. 1118, 1125 (2018) (observing that the term consolidate has "a legal lineage stretching back at least to the first federal consolidation statute, enacted by Congress in 1813.") It is the "proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court." Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (concluding that a court may consolidate cases on its docket if the cases "involve a common question of law or fact"). Judicial economy weighs in favor of consolidation in the cases before this Court.

The direct appeal and the mandamus proceeding both involve the same parties to the litigation below: Lee County, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC. As such, all parties must fully participate in each matter and neither Plaintiffs nor Defendant would bear an additional expense through consolidation. Also, the issues in each of the two matters arise from the district court's October 29, 2021, order. (Order (R108)). Both the Initial Brief and the Petition for Mandamus rely upon some of the same facts. (See Petition at 4 ("To avoid duplicative briefing of the facts, Petitioners adopt and incorporate by reference the Statement of the Case and Statement of Facts in the Initial Brief."). And the

argument contained within the petition is adopted as though fully set forth in the Initial Brief. (See Initial Brief at 57.) Given the co-extensive nature of the proceedings, consolidation would benefit both the parties and this Court.

WHEREFORE, for the reasons more particularly set forth above, Defendant/Appellant Lee County respectfully requests this Honorable Court enter an order consolidating these appeals.

## CERTIFICATE OF TYPE SIZE AND STYLE

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petitioner has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in fourteen-point font of Times New Roman.

## **CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the length-limits set forth in Fed. R. App. P. 27(d)(2). This motion contains 1,795 words.

>
> Respectfully submitted,
>
> s/Sacha Dyson
> Gregory A. Hearing
> Florida Bar No. 817790
> Sacha Dyson
> Florida Bar No. 509191
> Thomasina Moore
> Florida Bar No. 57990
> GRAYROBINSON, P.A.
> 401 East Jackson Street, Suite 2700
> P.O. Box 3324 (33601-3324)
> Tampa, Florida  33602
> (813) 273-5000 (telephone)
> (813) 273-5145 (facsimile)
> Email: gregory.hearing@gray-robinson.com
> 　　　　sacha.dyson@gray-robinson.com
> 　　　　thomasina.moore@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: James K. Green, Esq., James K. Green, P.A. 222 Lakeview Avenue, Suite 1650, Esperante, West Palm Beach, FL 33401, jkg@jameskgreenlaw.com, counsel for Plaintiffs/Appellees.

DATED: February 15, 2022.

                        Respectfully submitted,

                        s/Sacha Dyson
                        Attorney