No. 21-13880-J

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**LEE COUNTY, FLORIDA,**
(Defendant/Appellant)
and
**COMMISSIONERS FRANK MANN, JOHN MANNING, AND CECIL PENDERGRASS**
(Non-Parties/Appellants)

v.

**KIMBERLY REGENESIS, LLC, and
DAMASCUS TRADING COMPANY, LLC**
(Plaintiffs/Appellees)

**On Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division**

**District Court Docket No. 2:19-cv-00538-FtM-38NPM**

**PLAINTIFFS-APPELLEES, KIMBERLY REGENESIS, LLC,
AND DAMASCUS TRADING COMPANY, LLC'S RESPONSE
IN OPPOSITION TO APPELLANTS/PETITIONERS['] MOTION
TO CONSOLIDATE CASE NOS. 21-13880-J AND 21-14434**

James K. Green, Esq.
Florida Bar No: 229466
JAMES K. GREEN, P.A.
Suite 1650, Esperanté
222 Lakeview Avenue
West Palm Beach, Florida 33401
Telephone: (561) 659-2029
Email: jkg@jameskgreenlaw.com
**Counsel for Plaintiffs-Appellees**

- 1 -

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-2, Plaintiffs-Appellees, **KIMBERLY REGENESIS, LLC, AND DAMASCUS TRADING COMPANY, LLC**, hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

1. Chappell, Sheri Polster, United States District Judge, Middle District of Florida;

2. Damascus Trading Company, LLC, Plaintiff/Appellee;

3. Dyson, Sacha, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

4. GrayRobinson, P.A., counsel for Defendant/Appellants and Non-party Commissioners/Appellants;

5. Green, James K., James K. Green, P.A., counsel for Plaintiffs/Appellees;

6. Hearing, Gregory, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

7. James K. Green, P.A., counsel for Plaintiffs/Appellees;

8. Kimberly Regenesis, LLC, Plaintiff/Appellee;

9. Lee County, Florida, Defendant/Appellant;

10. Mann, Frank, Non-party Commissioner/Appellant;

11. Manning, John, Non-party Commissioner/Appellant;

12. Mizell, Nicholas, United States Magistrate Judge, Middle District of Florida;

13. Moore, Thomasina, GrayRobinson, P.A., counsel for Defendant/Appellant and Non-party Commissioners/Appellants;

14. Mary Mouracade, M.D., President, Kimberly Regenesis, LLC

15. Thomas Mouracade, President, Damascus Trading Company, LLC

16. Pendergrass, Cecil, Non-party Commissioner/Appellant.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal. No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to Appellees or their counsel has any current interest in the outcome of this matter.

### APPELLEES/RESPONDENTS' RESPONSE IN OPPOSITION TO APPELLANTS/PETITIONERS['] MOTION TO CONSOLIDATE

While the facts underlying the appeal and the mandamus petition are common, the standards of review, jurisdictional postures, and the legal issues are very different, so there is a likelihood that consolidation would lead to unnecessary confusion of the issues. *See In re Lawrence*, 251 B.R. 630, 650 (S.D. Fla. 2000) (denying consolidation of bankruptcy appeals because of "the different standards of review involved in the two appeals and the likelihood that consolidation would lead to unnecessary confusion of the issues.") Moreover, consolidation will not

lead to judicial economy as the parties have already submitted separate jurisdictional briefs in the appeal, and the Court has yet to direct the Respondents to file a response to the mandamus petition.

As to the appeal, No. 21-13880, this Court requested that the parties respond to two jurisdictional issues arising out of Appellants' interlocutory appeal of the district court's order entered on December 27, 2021:

1. Whether non-party Commissioners Frank Mann, John Manning, and Cecil Pendergrass have appellate standing to appeal from the district court's denial of Lee County's Motion for Protective Order and to Quash Notices and Subpoena for Deposition. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that only parties who are aggrieved by the judgment or order may appeal).

2. Whether the denial of Lee County's motion is appealable under the collateral order doctrine. *See Ala. Educ. Ass'n v. Bentley (In re Hubbard)*, 803 F.3d 1298, 1305 (11th Cir. 2015) ("It is the law of this circuit that one who unsuccessfully asserts a governmental privilege may immediately appeal a discovery order where he is not a party to the lawsuit."); *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 878 n.3 (5th Cir. Unit A Mar. 1981); *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 622 (5th Cir. 1973) ("Initially it should be noted that discovery orders are generally not appealable. . . . However, discovery orders may be appealable when an executive privilege is involved and the executive or governmental agency is not a party to the lawsuit."); *but see In re Hubbard*, 803 F.3d at 1305 (explaining that neither the four lawmakers who moved to quash a subpoena based on assertions of various governmental privileges were parties nor were the lawmakers' agencies or the State of Alabama itself).

The parties responded on January 10, 2022. The court's questions are specific to appellate jurisdiction and should be addressed separately from issues related to the mandamus petition

Further, this Court's standard of review as to the appeal No. 21-13880, differs from the standard of review for a mandamus petition. This Court has noted that:

> Discovery orders generally do not present "important questions" warranting collateral order review. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (noting that the Court has "generally denied review of pretrial discovery orders" under the collateral order doctrine); *United States v. Ryan*, 402 U.S. 530, 530–34, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 324–27, 60 S.Ct. 540, 540–42, 84 L.Ed. 783 (1940). Once again, most discovery issues can be reviewed effectively on appeal from final judgment. *See Firestone*, 449 U.S. at 377, 101 S.Ct. at 675. And "in the rare case when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling." *Id.; see also Ryan*, 402 U.S. at 532, 91 S.Ct. at 1581–82 ("[O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.").

*Drummond Co. v. Collingsworth*, 816 F.3d 1319, 1325 (11th Cir. 2016).

The standard for review for the mandamus petition, No. 21-14434, is:

> Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotations omitted). The Supreme Court has held that "postjudgment appeals generally suffice to protect the

rights of litigants and ensure the vitality of the attorney-client privilege." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). However, "in extraordinary circumstances—i.e., when a disclosure order 'amounts to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice—a party may petition the court of appeals for a writ of mandamus." *Id.* at 111.

*In re: Terrence Patrick Collingsworth*, No. 21-11015-E (11th Cir. Apr. 12, 2021) (Exhibit 1). Here the petitioners have not shown that the district court's order amounts to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice. A post-judgment appeal will suffice to protect the rights of the petitioners. Notably, the Court has yet to direct Plaintiffs/Respondents to file a response to the petition. Again, the jurisdictional posture of the mandamus petition is very different from and should be considered separately from the issues in the appeal.

## CONCLUSION

For the foregoing reasons, this Court should deny the motions to consolidate.

## CERTIFICATE OF TYPE SIZE AND STYLE

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in fourteen-point font of Times New Roman.

## **CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the length-limits set forth in Fed. R. App. P. 27(d)(2). This motion contains 910 words.

    Respectfully submitted,

    JAMES K. GREEN, P.A.
    James K. Green, Esquire
    Attorneys for Appellant
    Suite 1650, Esperante
    222 Lakeview Avenue
    West Palm Beach, FL 33401
    Telephone: (561) 659-2029
    jkg@jameskgreenlaw.com

    By: *James K. Green*

    **Counsel for Appellees**

## **CERTIFICATE OF SERVICE**

I, James K. Green, certify that, on February 22, 2022, a copy of the foregoing was electronically filed with the Court using CM/ECF.

    *James K. Green*

**EXHIBIT 1**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 12, 2021

Clerk - Northern District of Alabama
U.S. District Court
Hugo L. Black United States Courthouse
1729 5TH AVE N
BIRMINGHAM, AL 35203

Appeal Number: 21-11015-E
Case Style: In re: Terrence Collingsworth
District Court Docket No: 2:11-cv-03695-RDP

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Gloria M. Powell, E
Phone #: (404) 335-6184

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 21-11015-E

In re: TERRENCE PATRICK COLLINGSWORTH,

Petitioner

On Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Alabama

BEFORE: MARTIN, JORDAN, and LUCK, Circuit Judges.

BY THE COURT:

Before the Court is a petition for a writ of mandamus filed by Petitioner Terrence P. Collingsworth. The petition seeks a writ of mandamus directing the district court to, among other things, reverse its decision ordering the production of attorney-client and work product documents under the crime-fraud exception. On direction from this Court, the respondent, Drummond Company, Inc., filed a response. The petitioner filed a reply. On invitation from this Court, the District Judge filed a response.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotations omitted). The Supreme Court has held that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). However, "in extraordinary circumstances—i.e., when a disclosure order 'amounts to a

judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice—a party may petition the court of appeals for a writ of mandamus." *Id.* at 111.

Here, the petitioner has not shown that the district court's order amounts to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice. A post-judgment appeal will suffice to protect the rights of the petitioner and ensure the vitality of the attorney-client privilege. Accordingly, the petition for a writ of mandamus is DENIED.

The Court's stay in its April 1, 2021 order is LIFTED.