No. 21-13880-J

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

————————————

### LEE COUNTY, FLORIDA,
(Defendant/Appellant)
and
### COMMISSIONERS FRANK MANN, JOHN MANNING, AND CECIL PENDERGRASS
(Non-Parties/Appellants)

v.

### KIMBERLY REGENESIS, LLC, and
### DAMASCUS TRADING COMPANY, LLC
(Plaintiffs/Appellees)

————————————

**On Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division
District Court Docket No. 2:19-cv-00538-FtM-38NPM**

————————————

**ANSWER BRIEF OF PLAINTIFFS-APPELLEES, KIMBERLY
REGENESIS, LLC, AND DAMASCUS TRADING COMPANY, LLC**

————————————

James K. Green, Esq.
Florida Bar No. 229466
JAMES K. GREEN, P.A.
Flagler Center, Suite 306
501 South Flagler Drive
West Palm Beach, Florida 33401
Telephone:  (561) 659-2029
Email: jkg@jameskgreenlaw.com

**Counsel for Plaintiffs-Appellees**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-2, Plaintiffs-Appellees, KIMBERLY REGENESIS, LLC, AND DAMASCUS TRADING COMPANY, LLC, hereby certify that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

1.  Chappell, Sheri Polster, United States District Judge, Middle District of Florida;

2.  Damascus Trading Company, LLC, Plaintiff-Appellee;

3.  Dyson, Sacha, GrayRobinson, P.A., counsel for Defendant-Appellant and Non-party Commissioners-Appellants;

4.  GrayRobinson, P.A., counsel for Defendants-Appellants and Non-party Commissioners-Appellants;

5.  Green, James K., James K. Green, P.A., counsel for Plaintiffs-Appellees;

6.  Hearing, Gregory, GrayRobinson, P.A., counsel for Defendant-Appellant and Non-party Commissioners-Appellants;

7.  James K. Green, P.A., counsel for Plaintiffs-Appellees;

8.  Kimberly Regenesis, LLC, Plaintiff-Appellee;

9.  Lee County, Florida, Defendant-Appellant;

10. Mann, Frank, Non-party Commissioner-Appellant;

11.   Manning, John, Non-party Commissioner-Appellant;

12.   Mizell, Nicholas, United States Magistrate Judge, Middle District of Florida;

13.   Moore, Thomasina, GrayRobinson, P.A., counsel for Defendant-Appellant and Non-party Commissioners-Appellants;

14.   Mary Mouracade, M.D., President, Kimberly Regenesis, LLC

15.   Thomas Mouracade, President, Damascus Trading Company, LLC

16.   Pendergrass, Cecil, Non-party Commissioner-Appellant.

## CORPORATE DISCLOSURE STATEMENT

None of the parties currently has corporate affiliates that have issued shares to the public.

## TABLE OF CONTENTS

Certificate of Interested Persons……………………………………..…………..i-ii

Table of Contents ................................................................................. iii

Table of Citations ..............................................................................iii-v

Statement Regarding Oral Argument ....................................................... 1

Statement of Subject-Matter and Appellate Jurisdiction ...........................1

Statement of the Issues ..................................................................... 1-2

Statement of the Case and Facts ........................................................... 2

Standard of Review............................................................................. 6-8

Summary of the Argument..................................................................... 8-9

I.    This Court Lacks Jurisdiction to Hear This Appeal for the Reasons Set Forth in the Jurisdictional Brief of Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC.

II.   The Discovery Order Is, by Its Terms, Limited to Campaign Contributions and *Ex Parte* Communications Necessarily Outside the Judicial Process, and Therefore, Using the Functional Analysis that this Court Has Adopted, the Order From Which the Appeal Has Been Taken Is Limited to Matters Entirely Outside the Judicial Function, Foreclosing any Claim of Judicial or Governmental Privilege.    For that Reason, the Court's Exception for Judicial or Governmental Immunity to the General Rule that Nonparties May Not Appeal from Discovery Rulings Cannot Apply Here, and Appellants' Claim of Judicial or Governmental Immunity Has No Merit.

III.  Appellees Can Find No Federal Cases Extending Collateral Order Jurisdiction to Apex Objections. Even if There Were Such Cases, The Order Below Does Not Implicate the Apex Doctrine Because the Discovery Seeks the Personal Knowledge of the Commissioners About *Ex Parte* Communications and Campaign Contributions.

Conclusion …………………………..…………..………………….………15

Certificate of Service……………..…………….………………….…………15

Certificate of Compliance………………..…………..……………….……..16

## TABLE OF CITATIONS

**Cases**

*Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367 (11th Cir. 1992) ...............................8

*Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir. 1979).................................................7

*Cobbledick v. United States*, 309 U.S. 323 (1940) ....................................................6

*Drummond Co. v. Terrance P. Collingsworth,*
*Conrad & Scherer, LLP*, 816 F.3d 1319 (11th Cir. 2016) ...................................7,10

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981) ...............................6

*Forrester v. White*, 484 U.S. 219 (1988) ...............................................11

*Harris v. Chapman*, 97 F.3d 499 (11th Cir. 1996) ......................................7

*Moorman v. Unum Provident Corp.*, 464 F.3d 1260 (11th Cir. 2006).....................7

*Premium Service Corp. v. Sperry & Hutchinson Co.*,
511 F.2d 225 (9th Cir. 1975) ....................................................................7

*Sibley v. Lando,* 437 F.3d 1067 (11th Cir. 2005).....................................12

*Tracy P. v. Sarasota Cty.*, No. 8:05-cv-927-T-27EAJ (M.D. Fla. Oct. 25, 2006).  14

*United States v. Ryan,* 402 U.S. 530 (1971) ............................................6

*Wal-Mart Stores, Inc. v. Vidalakis*,
No. 5:07mc39, 2007 WL 4591569, at *1 (W.D. Ark. Dec. 28, 2007) ..................13

*Woolfolk v. Columbia Cty., Fla.*, No. 3:07-cv-137-J- 25TEM, 2008 WL
11433240 (M.D. Fla. Feb. 22, 2008) ....................................................14

**Statutes, Ordinances, and Rules:**

28 U.S.C. §1331...............................................................................1

28 U.S.C. §1343...............................................................................1

28 U.S.C. §1367...............................................................................1

42 U.S.C. §12101, *et seq.* ..............................................................1, 2

Fla. Stat. § 286.011(1) ....................................................................13

Lee County LDC Section 34-83 (Ordinance 13-10, adopted 5/28/13) ..................11

Fed. R. Civ. P. 26 ..................................................................................7

Fed. R. App. P. 32………………………………………………………16

Fed. R. App. P. 34 ..................................................................................1

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fed. R. App. P. 34, Plaintiffs-Appellees do not believe oral argument will be helpful or necessary.

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This is a civil action in which the Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC, seek relief under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). The district court had jurisdiction over this action under 28 U.S.C. §§1331, 1343, and 1367.

This Court does not have jurisdiction over this appeal for the reasons set forth in the jurisdictional brief of Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC, previously submitted in this matter.[1]

## STATEMENT OF THE ISSUES

I.      Whether this Court lacks jurisdiction over this appeal for the reasons set forth in the Jurisdictional Brief of Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC.

II.     Whether the discovery order -- which, by its terms, is limited to campaign contributions and *ex parte* communications -- is necessarily outside the judicial process and thus not covered by any claim of judicial or governmental privilege or immunity, thereby depriving this Court of jurisdiction and also establishing

---

[1] On April 8, 2022, this Court entered an order stating: "A final determination regarding jurisdiction will be made by the panel to whom this appeal is submitted after briefing on the merits is completed."

that there is no merit to Appellants' claim of judicial or governmental privilege.

III.   Whether the collateral order jurisdiction extends to apex objections and, even if there were such cases, whether the order below implicates the apex doctrine because the discovery seeks the personal knowledge of the commissioners about *ex parte* communications and campaign contributions

## STATEMENT OF THE CASE AND FACTS

The background for this appeal is set forth in Magistrate Judge Mizell's Order denying in part Defendant Lee County's Motion for Protective Order and to Quash Notices and Subpoena for Deposition:

Plaintiffs Kimberly Regenesis, LLC and Damascus Trading Company, LLC applied to the County to rezone the property at 6401 Winkler Road to be able to provide both treatment and housing to persons in substance abuse recovery at its facility. (Doc. 1 ¶¶ 32, 57, 59-60). The Lee County staff issued a staff report recommending approval of the rezoning with conditions. (Doc. 1 ¶ 36). Thereafter, the Lee County Hearing Examiner held a three-day hearing, ultimately finding Plaintiffs proved entitlement to the zoning change and recommending approval of the rezoning with conditions. (Doc. 1 ¶¶ 15, 37-43). On August 5, 2015, the Board of County Commissioners held a hearing to review and consider the Hearing Examiner's recommendation and to issue a final decision on Plaintiffs' application. (Doc. 1 ¶ 45). Ultimately, the board rejected the written recommendations and denied Plaintiffs' application for rezoning. (Doc. 1 ¶¶ 15, 55-56).

Plaintiffs brought suit, alleging that Defendant used its zoning code in a discriminatory fashion, with the intent of excluding them from the community, based in part on neighbors' animus toward persons in recovery in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Doc. 1; Doc. 68, p. 10).

## I.    Discovery Dispute Background

Defendant seeks protection for one former county commissioner (John Manning) and two current county commissioners (Frank Mann and Cecil Pendergrass)[2] from being deposed, and it seeks protection from the subpoena duces tecum served on Commissioner Manning. (Doc. 66). Plaintiffs oppose the motion. (Doc. 68). The Court temporarily quashed the deposition notices for John Manning (Doc. 66-1, pp. 1-2, 7; Doc. 66-3, pp. 6-8), Frank Mann (Doc. 66-1, pp. 3-4, 7), Cecil Pendergrass (Doc. 66-1, pp. 5-7), and the subpoena for deposition duces tecum as to John Manning (Doc. 66-3). (Doc. 72).

On April 9, 2021, the Court held a hearing concerning several pending discovery motions. (Doc. 83). The Court ordered the parties to conduct their Rule 30(b)(6) depositions, after which the parties would reconvene on the remaining motion concerning the commissioner depositions. (Doc. 86, pp. 7-8). The Court also permitted the parties to file any supplemental authority regarding the motion (Doc. 86, p. 8), and both parties did so (Docs. 88, 89).

On August 17, 2021, the Court held another hearing on the remaining discovery motion (Doc. 66). (Doc. 96). When asked about what Plaintiffs still sought from the commissioners after having completed their Rule 30(b)(6) depositions, Plaintiffs stated, in short, that they sought to depose the commissioners about their knowledge related to campaign contributions and *ex parte* communications. Plaintiffs also clarified they still seek to depose Commissioners Mann and Manning, but they no longer wish to depose Commissioner Pendergrass—instead, they seek to depose Commissioner Brian Hamman. And Plaintiffs volunteered to limit their depositions of each commissioner to two hours.

During the [August 17, 2021] hearing, Defendant noted that, in preparation for the 30(b)(6) deposition of the county representative, it interviewed the commissioners. **And Defendant claims its 30(b)(6) designee, Mark Trank, testified that there were no *ex parte***

---

[2] On July 29, 2022, Appellants filed a Notice of Suggestion of Death and Partial Mootness as to Commissioners Mann and Manning.

**communications.** Defendant also noted that campaign finance was not listed as a topic in the 30(b)(6) notice, nor was it included in any interrogatories or requests for production. And Defendant claims there is no evidence of any *ex parte* communications, and any information about that topic was already provided during discovery. Concerning campaign finance issues, Defendant stated that it provided lobbying logs from 2014 to 2016, which are also publicly available. In addition, defense counsel pointed out there is a Rule against *ex parte* communications and there are lobbying ordinances with criminal penalties that apply.

The parties also provided the full deposition of Lee County corporate representative Mark Trank and excerpts of deposition testimony considered relevant to the pertinent issue of commissioner depositions. **Contrary to defense counsel's representation during the August 17 hearing, Trank testified that he did not speak to any county commissioners prior to his deposition** (Doc. 97-1, pp. 10, 12-14). He claims to have "no personal knowledge" that "a number of County Commissioners received campaign contributions from the opponents, their attorneys, or their associated companies or corporations prior to August 5, 2015." (Doc. 97-1, pp. 13- 14). At some point, Trank became aware of a PAC that was formed by neighbors in opposition to the proposed rezoning. (Doc. 97-1, p. 14). **But Trank did not ask any of the commissioners whether they received any such campaign contributions. (Doc. 97-1, p. 14). Nor did he inquire of the commissioners who voted to deny the rezoning whether they were aware that a PAC was formed and "had raised $200,000 to oppose the rezoning, or [sic] politicians who voted to approve the proposed rezoning." (Doc. 97-1, p. 14).**

Excerpts from the deposition of the corporate representative of Plaintiff Kimberly Regenesis, LLC—Veronica Martin—were also provided. (Doc. 98-11). Martin testified that she had no evidence that the rule against *ex parte* communications was violated. (Doc. 98-11, p. 2). She also conceded that while the commissioners did not disclose any campaign contributions during the August 5, 2015 hearing, she has never witnessed such a disclosure in the 40 or 50 Board hearings she attended on other occasions. (Doc. 98-11, p. 3).

**Excerpts of the depositions of Nina Burt, Thomas Burt, and attorney Sawyer Smith were also included. (Docs. 98-8, 98-9, 98-**

**10).** Nina Burt objected to rezoning Plaintiffs' property and was aware of the *lis pendens* action filed in her and her husband's name involving Plaintiffs' property. (Doc. 98-8, pp. 3-4). **She also claimed she did not make any campaign contributions or have any *ex parte* communications with any of the commissioners or their staff. (Doc. 98-8, pp. 3-5). But plaintiff counsel directed her to a document entitled "Campaign Treasurer's Report—Itemized Contributions," which indicated she was a "consultant" who made a contribution on April 28, 2015 for $1,000.** Mrs. Burt responded, "Well, sometimes my husband will come and say, 'sign this check,' and I'll sign it." (Doc. 98-8, p. 7). Mrs. Burt also claimed she and her husband never held any political fundraisers at their house prior to August 5, 2015, or at any time. (Doc. 98-8, p. 5).

**Thomas Burt** testified that he could not make any campaign contributions in his wife's name, and that she would have to make a contribution in her own name. (Doc. 98-9, p. 3). **He admitted to making campaign contributions from himself individually and through other channels, including several companies and his lawyers, to multiple commissioners, including Kiker and Manning.** (Doc. 98-9, pp. 2, 9-10, 12). **The amount paid into the PAC by Mr. Burt, Mr. Burt's father, and Mr. Burt's two neighbors—William ("Billy") and Amy Barnes—totaled about $200,000. Apparently, this amount does not account for the direct contributions made to the commissioners by Nina Burt, Mr. Burt's lawyers, Mr. Burt's companies, Mr. Burt's father, or the father's own companies. (Doc. 98-9, p. 12; see also Doc. 98-10, p. 3).**

Thomas Burt acknowledged familiarity with the rule prohibiting *ex parte* communications with the commissioners directly, noting that if attempted, "you'll get a nastygram back." (Doc. 98-9, p. 6). But he met with Commissioner Pendergrass after the August 5, 2015 vote and Mr. Burt has "spoken to him maybe twice." (Doc. 98-9, p. 7). Mr. Burt eventually admitted he emailed Pendergrass a complaint about Plaintiffs having a large party with a bounce house. (Doc. 98-9, pp. 7-8). Mr. Burt also stated he created and distributed fliers on behalf of the PAC and organized a community meeting held in a public building downtown. (Doc. 98-9, pp. 5, 8).

**Sawyer Smith—Mr. Burt's lawyer (Doc. 98-9, p. 4)—testified he set up and was the chairman of the Protect Our Community PAC.**

**(Doc. 98-10, p. 2). Smith openly acknowledged he has made campaign contributions to "every county commissioner," including Kiker, Pendergrass, Hamman, and Mann. (Doc. 98-10, p. 5). He also stated he "bundled" contributions, meaning he fundraised by gathering campaign contributions from various other contributors. (Doc. 98-10, p. 5).** Smith also stated he has made campaign contributions through various companies or related business entities that he owns. (Doc. 98-10, p. 6). He assumed he met with the Barnes at their residence at some point, but he was not aware of nor attended any fundraising events at either the Barnes's or Burt's residence. (Doc. 98-10, pp. 3-4).

Doc. 101 at 6-9 (emphasis added).

On September 29, 2021, the magistrate judge entered the Order, which the district court judge affirmed, permitting the depositions of Mann, Manning and Pendergrass to occur with limitations:

[the depositions may] last no longer than four hours combined (not four hours for each commissioner). Second, the depositions will be limited to: (1) any communications or other interactions with persons or entities other than county staff concerning the Plaintiffs, 6401 Winkler Road, or the Protect Our Community PAC, since January 1, 2014; and (2) any monetary or in-kind contributions to any campaign committee or interest group by any opponent to the rezoning at issue.

Doc. 101 at 15 ("Order").

## STANDARD OF REVIEW

Discovery orders generally do not present "important questions" warranting collateral order review. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (noting that the Court has "generally denied review of pretrial discovery orders" under the collateral order doctrine); *United States v. Ryan*, 402 U.S. 530, 530–34, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 324–27, 60 S.Ct. 540, 540–42, 84 L.Ed. 783 (1940). …[M]ost discovery issues can be reviewed effectively on appeal from final judgment. *See Firestone*, 449 U.S. at

377, 101 S.Ct. at 675. And "in the rare case when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling." *Id.; see also Ryan*, 402 U.S. at 532, 91 S.Ct. at 1581–82 ("[O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.").

*Drummond Co. v. Collingsworth*, 816 F.3d 1319, 1325 (11th Cir. 2016).

Even assuming, *arguendo*, that this Court has appellate jurisdiction, the Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See* Fed. R. Civ. P. 26(b)(1). The trial court, however, is given wide discretion in setting the limits of discovery, *Blum v. Gulf Oil Corp*., 597 F.2d 936, 938 (5th Cir. 1979), and its judgment will be overturned only when a clearly erroneous principle of law is applied, or no evidence rationally supports the decision. *Premium Service Corp. v. Sperry & Hutchinson Co*., 511 F.2d 225, 229 (9th Cir. 1975). "[T]he standard of review for denials [or grants] of a discovery order is abuse of discretion[.]" *Moorman v. Unum Provident Corp*., 464 F.3d 1260, 1265 (11th Cir. 2006); *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996) ("District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential."). Under the abuse of discretion standard, "[a] district court abuses its discretion when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual

support." *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 374 (11th Cir. 1992) (citations omitted).

## SUMMARY OF ARGUMENT

First, this Court lacks jurisdiction over this appeal for the reasons set forth in the Jurisdictional Brief of Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC.

Second, the discovery order is, by its terms, limited to campaign contributions and *ex parte* communications necessarily outside the judicial process, and therefore, using the functional analysis that this Court has adopted, the order from which the appeal has been taken is limited to matters entirely outside the judicial function, foreclosing any claim of judicial or governmental privilege. For that reason, the Court's exception for judicial or governmental immunity to the general rule that nonparties may not appeal from discovery rulings cannot apply here, and the Appellants' claims of judicial or governmental immunity have no merit.

Third, the "apex doctrine" – which is normally aimed at high level decision makers who have no particular direct knowledge of the facts pertaining to the particular lawsuit – does not apply here. The doctrine protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted. Here, the Order does not implicate the

apex doctrine, because the discovery seeks the personal knowledge of Commissioners Mann, Manning and Pendergrass about *ex parte* communications and campaign contributions, matters in which these officials were directly involved and of which they have personal knowledge.

And fourth, district judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential.

## ARGUMENT

## I.    THIS COURT LACKS JURISDICTION TO HEAR THIS APPEAL FOR THE REASONS SET FORTH IN THE JURISDICTIONAL BRIEF OF PLAINTIFFS-APPELLEES, KIMBERLY REGENESIS, LLC, AND DAMASCUS TRADING COMPANY, LLC.

This Court lacks jurisdiction over this appeal for the reasons set forth in the previously submitted Jurisdictional Brief of Plaintiffs-Appellees, Kimberly Regenesis, LLC, and Damascus Trading Company, LLC.

## II.   THE DISCOVERY ORDER IS, BY ITS TERMS, LIMITED TO CAMPAIGN CONTRIBUTIONS AND *EX PARTE* COMMUNICATIONS NECESSARILY OUTSIDE THE JUDICIAL PROCESS, AND THEREFORE, USING THE FUNCTIONAL ANALYSIS THAT THIS COURT HAS ADOPTED, THE ORDER FROM WHICH THE APPEAL HAS BEEN TAKEN IS LIMITED TO MATTERS ENTIRELY OUTSIDE THE JUDICIAL FUNCTION, FORECLOSING ANY CLAIM OF JUDICIAL OR GOVERNMENTAL PRIVILEGE. FOR THAT REASON, THE COURT'S EXCEPTION FOR JUDICIAL OR GOVERNMENTAL IMMUNITY TO THE GENERAL RULE THAT NONPARTIES MAY NOT APPEAL FROM DISCOVERY RULINGS CANNOT APPLY HERE, AND

9

## APPELLANTS' CLAIM OF JUDICIAL OR GOVERNMENTAL IMMUNITY HAS NO MERIT.

The discovery order is, by its terms, limited to campaign contributions and *ex parte* communications necessarily outside the judicial process, and therefore, using the functional analysis that this Court has adopted, the order from which the appeal has been taken is limited to matters entirely outside the judicial function, foreclosing any claim of judicial or governmental privilege. For that reason, the Court's exception for judicial or governmental immunity to the general rule that nonparties may not appeal from discovery rulings cannot apply here. *Drummond Co.*, 816 F.3d at 1327. It also means that the Appellants' claim of judicial or governmental immunity has no merit.

The Order on appeal is limited to matters entirely outside the judicial function, foreclosing any claim of judicial or governmental privilege. It implicates no quasi-judicial testimonial immunity or privilege, as it limits the depositions of Mann, Manning and Pendergrass to:

> (1) any communications or other interactions with persons or entities other than county staff concerning the Plaintiffs, 6401 Winkler Road, or the Protect Our Community PAC, since January 1, 2014; and (2) any monetary or in-kind contributions to any campaign committee or interest group by any opponent to the rezoning at issue.

Doc. 101 at 15. Thus, on its face, the Order merely implicates the Commissioners' actions as politicians—communicating with constituents and raising campaign contributions. Further, as will be explained below, Lee County prohibits *ex parte*

communications regarding quasi-judicial proceedings, so neither the Commissioners nor the County can argue that Magistrate Judge Mizell's topics implicate any quasi-judicial testimonial immunity.[3]

The judicial or quasi-judicial immunity doctrine maintains a "distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be **assigned by law** to perform." *Forrester v. White*, 484 U.S. 219, 227 (1988) (emphasis added). Here, as indicated below at note 4, the County specifically prohibits County Commissioners from communicating "in any form, whether written, verbal or graphic" with constituents "concerning substantive issues in any proposed, anticipated, or pending matter relating to …. rezoning," Doc. 89 at 3, thereby rendering them entirely outside the judicial function and foreclosing any claim of judicial or governmental privilege.

---

[3] Lee County provided the following supplemental authority below:

"Unauthorized communication (County Commissioners) means **communication in any form**, whether written, verbal or graphic, with a County Commissioner, or County Commissioner executive assistant, by any person outside of a public hearing **concerning substantive issues in any proposed, anticipated, or pending matter relating to** …**rezonings**, and variance or special exception cases that are a part of an active F.S. § 70.51, proceeding…."); *Id*. ("No person may communicate with an individual Commissioner or a Commissioner's assistant regarding the substance (non-procedural aspects) of a pending rezoning action or appeal that will be considered by the Board under sections 34-83(b)(1) and (6), to include . . . [r]ezoning actions….).

Doc. 89 at 3.

11

A four-part test controls the inquiry: (1) did the act at issue constitute a normal judicial function; (2) did the events occur in the judge's chambers or in open court; (3) did the controversy involve a case pending before the judge; and (4) did the confrontation arise immediately out of a visit to the judge in her official capacity? *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Applying that test here, Mann, Manning and Pendergrass cannot meet the burden of showing that testimonial immunity is justified for the functions at issue in this case:

1) Soliciting or receiving campaign contributions is not a judicial function, it is a political candidate function;

2) The areas of inquiry permitted by Magistrate Judge Mizell do not concern matters that occurred during the quasi-judicial hearing on August 5, 2016;

3) While the controversy over campaign contributions and constituent communications concerned a rezoning before the Lee County Commission as a whole, it did not implicate Mann, Manning and Pendergrass individually;[4] and

---

[4] The County's notice of supplemental authority regarding Defendant's Motion for Protective Order and to Quash Notices and Subpoena for Deposition stated:

"Lee enacted a Home Rule Charter, which provides that 'Lee County shall be a body corporate and politic' and that '[t]he governing body of the County shall be a Board of County Commissioners.' It does authorize or vest any power in any individual commissioner. The only power is vested in the Board. (Art. II, § 2.2(D)). The Board is only

4) The campaign contributions and constituent communications had nothing to do with their judicial capacities, only their capacities as politicians.

III. **APPELLEES CAN FIND NO FEDERAL CASES EXTENDING COLLATERAL ORDER JURISDICTION TO APEX OBJECTIONS BY NON-PARTIES; EVEN IF THERE WERE SUCH CASES, THE ORDER BELOW DOES NOT IMPLICATE THE APEX DOCTRINE BECAUSE THE DISCOVERY SEEKS THE PERSONAL KNOWLEDGE OF THE COMMISSIONERS ABOUT *EX PARTE* COMMUNICATIONS AND CAMPAIGN CONTRIBUTIONS**

The "apex doctrine" protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted. "This doctrine is normally aimed at high level decision makers who have no particular direct knowledge of the facts pertaining to the particular lawsuit." *Wal-Mart Stores, Inc. v. Vidalakis*, No. 5:07mc39, 2007 WL 4591569, at *1 (W.D. Ark. Dec. 28, 2007).

The Order does not implicate the apex doctrine because the discovery seeks the *personal* knowledge of the commissioners about *ex parte* communications and campaign contributions, which the County expressly prohibits concerning quasi-

---

authorized to act [at] a duly noticed and constituted public meeting. (Fla. Stat. § 286.011(1) ('[N]o resolution, rule, or formal action shall be considered binding except as taken or made at such a meeting.')." Doc. 89 at 1-2.

judicial matters, and in which these officials were directly involved and of which

they have personal knowledge. As the magistrate judge recognized:

> Moreover, **the apex doctrine rarely, if ever, shields a lead official from discovery when the official is directly involved in the event at issue and has personal knowledge about it**. *See Woolfolk v. Columbia Cty., Fla*., No. 3:07-cv-137-J-25TEM, 2008 WL 11433240, *2 (M.D. Fla. Feb. 22, 2008) (allowing deposition of sheriff because he was a named defendant and had direct knowledge of the facts and policies pertaining to the particular case). And in *Tracy*, the Court alternatively found that even if the commissioner was a high ranking official, this did not foreclose his deposition because the county did not demonstrate his attendance at a deposition would be too severe a distraction from his public duties. *Tracy P. v. Sarasota Cty*., No. 8:05-cv-927-T-27EAJ (M.D. Fla. Oct. 25, 2006) (Doc. 88-2, p. 5). As a Fair Housing Act and ADA case involving claims against another Florida county, *Tracy* is highly persuasive—including its court-imposed limitation on deposition discovery of a county commissioner. Specifically, the *Tracy* court limited such deposition to two hours. *Id*. (Doc. 88-2, pp. 5-6).
>
> …. [The] Court finds Plaintiffs have a valid interest in deposing the commissioners on the limited issue of their communications with and influence (including campaign contributions) from the PAC that opposed the proposed zoning as well as the politically-involved neighbors who opposed the rezoning, including the Burts, Barnes, and their lawyers and advocates. It is relevant to the particular allegations of discrimination in this suit. And the commissioners have personal knowledge of their communications and campaign contributions, if any, with the above-referenced individuals or PAC. The lobbying logs do not appear to show all types of communications (see supra note 1) or campaign contributions, so this discovery is not duplicative. Nor does it seem appropriate to preclude any inquiry into their completeness or veracity. There is also a legitimate question whether Defendant's 30(b)(6) designee could serve as an appropriate vehicle to explore the personal knowledge and motivations of the commissioners, especially since he admitted that he did not confer with the commissioners before his deposition. (Doc. 97-1, pp. 10, 12-14). Moreover, the following limitations should ensure the depositions are proportional to the needs of the case.

Doc. 101 at 13-15. (emphasis added). Lastly, Plaintiffs-Appellees can find no federal decisions finding appellate standing for non-parties to appeal discovery orders based on the "apex" doctrine.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction to review the district court's Order denying Lee County's Motion for Protective Order and to Quash Notices and Subpoena for Deposition.  Alternatively, the lower court did not abuse its discretion in entering the order limiting the time and scope of the depositions.

Respectfully submitted,

James K. Green, Esquire
Florida Bar No. 229466
JAMES K. GREEN, P.A.
Attorneys for Plaintiffs-Appellees
Flagler Center, Suite 306
501 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 659-2029
jkg@jameskgreenlaw.com

By: *James K. Green*

**Counsel for Plaintiffs-Appellees**

## CERTIFICATE OF SERVICE

I, James K. Green, certify that, on August 2, 2022, a copy of Plaintiffs-Appellees' Brief was electronically filed with the Court using CM/ECF. I further

15

certify that, on August 2, 2022, copies of this Brief were sent, by Federal Express

for overnight delivery, to the Clerk of the Court and to the following counsel:

> Gregory A. Hearing, Florida Bar No. 817790
> Sacha Dyson, Florida Bar No. 509191
> Thomasina Moore, Florida Bar No. 57990
> GRAYROBINSON, P.A.
> 401 East Jackson Street, Suite 2700
> Tampa, Florida 33602
> (813) 273-5000 (Telephone)
> (813) 273-5145 (Facsimile)
> Email: gregory.hearing@grayrobinson.com
> sacha.dyson@gray-robinson.com
> thomasina.moore@gray-robinson.com

*James K. Green*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPE-FACE REQUIRENTS AND TYPE-STYLE REQUIREMENTS

**WE HEREBY CERTIFY** that this brief complies with the type-volume

limitation of FED.R.APP.P. 32(a)(7)(b) because this brief contains 3,771 words

excluding the parts of the brief exempted by FED.R.APP.P. 32(a)(7)(B)(iii) and also

that this brief complies with the typeface requirements of FED.R.APP.P. 32(a)(5) and

the type style requirements of FED.R.APP.P. 32(a)(6) because this brief has been

prepared in a proportionally spaced typeface using Microsoft Word 2016 word

processing software in 14-point Times New Roman font.

*James K. Green*

16